```
IN THE UNITED STATES DISTRICT COURT FOR THE
           EASTERN DISTRICT OF OKLAHOMA

DARRYL MARTIN BUCKNER,         )
                               )
        Plaintiff,             )
                               )
v.                             )    Case No. CIV-14-381-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )
```

## REPORT AND RECOMMENDATION

Plaintiff Darryl Martin Buckner (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 15, 1960 and was 52 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade. He has unsuccessfully attempted to obtain his GED on three occasions. Claimant has worked in the past as a dry waller, construction superintendent, oil field services dispatcher, and equipment operator. Claimant alleges an

inability to work beginning March 18, 2011 due to limitations resulting from back and neck problems, depression, anxiety, personality disorder and PTSD.

**Procedural History**

On May 23, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was held on November 5, 2012 before Administrative Law Judge ("ALJ") Kenton W. Fulton in Oklahoma City, Oklahoma. On December 27, 2012, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review on June 17, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481. This Court would note the time to commence this appeal was extended by the Appeals Council by Order entered November 28, 2014.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the opinion of the agency medical consultant; and (2) engaging in a flawed and unsupported credibility analysis.

**Evaluation of Consultant's Opinion**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post 2002 cervical spine diskectomy and fusion at C5-6; status post lumbar spine anterior and posterior fusion from 2003; osteoarthritis of the left wrist, status post fracture; PTSD; and major depressive disorder. (Tr. 45). The ALJ concluded that Claimant retained the RFC to perform light work except he could have no more than occasional interaction with co-workers and supervisors and was precluded from public contact. (Tr. 49). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of production worker and packing machine operator. (Tr. 52). As a result, the ALJ found Claimant was not disabled from March 18, 2011 through the date of the decision. Id.

Claimant contends the ALJ erred by failing to properly evaluate the opinion of the state agency medical consultant, Dr. Ron Cummings. Dr. Cummings completed a mental RFC assessment form on Claimant dated August 27, 2011. He determined Claimant was moderately limited in the functional areas of the ability to

understand and remember detailed instructions; ability to carry out detailed instructions; and ability to interact appropriately with the general public. (Tr. 324-25). In the narrative portion in Section III of the form, Dr. Cummings stated that

> claimant's mood issues may cause difficulties with tasks involving sustained focus and complex mental demands. However, given limited public contact and allowances for occasional psychological problems affecting efficiency, the claimant remains mentally capable of understanding and carrying out simple instructions and assignments in a structured setting, in an appropriate time frame.

(Tr. 326).

In evaluating Dr. Cummings' opinion, the ALJ concurred with his finding that "the objective evidence does not fully support the claimant's claim of debilitating mental health symptoms." He gave the opinion "great weight" with regard to Dr. Cummings' findings of limitation in the areas of working with the general public and co-workers but gave the opinion of another examining psychologist, Dr. Robert Danaher, "greater weight" on the findings pertaining to understanding and memory. (Tr. 51). Dr. Danaher stated in his report following a mental status examination of Claimant on August 20, 2011 that Claimant's "ability to understand, remember and carry out simple and complex instructions in a work related environment would be rated as adequate." (Tr. 323).

Claimant suggests that the ALJ did not properly consider the

6

Section III findings made by Dr. Cummings or provide an adequate basis for rejecting the findings. While the ALJ found Dr. Cummings' assessment was entitled to "great weight" on certain limitations and Dr. Danaher's opinion was attributed "greater weight" on issues of understanding and memory, the ALJ did not explain what weight, if any, Dr. Cummings' findings regarding the "allowances for occasional psychological problems affecting efficiency" and requirement for "a structured setting" were given. If the ALJ had effectively rejected the entirety of Dr. Cummings' opinion, the question would not remain as to whether these findings were entitled to "great weight" as were other findings in the opinion. The fact remains that an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." <u>Haga v. Astrue</u>, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall explain whether the additional limitations contained in Dr. Cummings' report were considered, weighed, and accepted or rejected.

**Credibility Determination**

Claimant next challenges the ALJ's findings on credibility. The ALJ recognized Claimant's history of a 2002 neck diskectomy and fusion at C5-6 and L5 laminectomy and fusion in 2003. He also

7

found Claimant continued to work full time after these surgeries. He noted that Claimant stopped working in March of 2011 at his last position because he failed a drug test not because of his physical problems. (Tr. 50). The ALJ acknowledged Claimant's testimony that he could not handle the stress of the job in any event after working for his last employer for three years. Claimant was involved in a traffic accident in 2004 which resulted in the death of his girlfriend which caused Claimant to have problems. The ALJ found, however, that Claimant was able to handle the problems arising from this incident since he earned $62,400.00 in 2005. Id.

Claimant contends the ALJ failed to consider that PTSD did not manifest itself until years after the event which precipitated it. This speculative statement has no support in the evidentiary record. The objective record indicates Claimant worked for a considerable period of time after the incident and was not the basis for his cessation of employment.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id.

8

Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. It must be noted that the ALJ is not required to engage in a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ's assessment of Claimant's credibility is well-supported by the medical record and Claimant's testimony.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

9

applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of October, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE